UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>METRO PCS, et al.,<br><br>    Defendants. | Case No. 16-cv-02212-JSC<br><br>**ORDER REASSIGNING AND REPORT AND RECOMMENDATION TO DISMISS** |

Plaintiff Michael C. Davis ("Plaintiff"), proceeding pro se, brings this action against Defendants Metro PCS and T-Mobile. Having previously granted Plaintiff's application to proceed *in forma pauperis*, the undersigned now reviews the sufficiency of the Complaint under 28 U.S.C. § 1915. Because Plaintiff has declined consent to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c), the Court ORDERS the matter REASSIGNED to a district court judge. For the reasons explained below, the Court RECOMMENDS that the district court DISMISS the action under Section 1915.

**BACKGROUND**

Plaintiff alleges that he has a cellular phone contract with Metro PCS which merged with T-Mobile. (Dkt. No. 1 at 3.) He alleges that for the past three or more years he has paid "$60.00 a month for 4g unlimited data in which I'm not getting." (*Id*.) Although he went to the Metro PCS store to try to fix the problem, "they keep on robbing [him] of [his] data" because he is "paying $60 each month, and [he is] not getting what [he] paid for." (*Id*.) Plaintiff states that he is asking for $35,000 in punitive damages. (*Id*. at 4.)

On the form complaint, Plaintiff states that his case belongs in federal court under federal question jurisdiction because this case involves an "FCC Rule." (Dkt. No. 1 at 2.) However, on

his civil cover sheet, he indicates that the basis for jurisdiction is diversity jurisdiction, states that he is filing a claim for fraud, and demands $35,000.

## LEGAL STANDARD

Under 28 U.S.C. § 1915, the Court has a continuing duty to dismiss any case in which a party is proceeding in forma pauperis if the Court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous for Section 1915 purposes where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking). Upon dismissal, pro se plaintiffs proceeding in forma pauperis must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Further, as courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id*. at § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, ... and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state...." *Id*. § 1332(a)(1)-(2).

Here, the basis for subject matter jurisdiction is unclear. Plaintiff appears to allege

2

alternatively federal question jurisdiction based on an "FCC Rule" and diversity of citizenship. Neither has been sufficiently alleged to invoke the federal court's subject matter jurisdiction.

With respect to federal question jurisdiction, Plaintiff's bare statement that he brings suit under an "FCC Rule" is inadequate. For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962). "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal citation and quotations marks omitted). Plaintiff's invocation of an unspecified "FCC rule" fails to satisfy the well-pleaded complaint rule and identify a federal statute or rights which the Defendants violated.

Plaintiff's allegation of diversity jurisdiction fares no better. To properly allege diversity jurisdiction, a plaintiff must claim damages in excess of $75,000. 28 U.S.C. § 1332(a). In addition, "diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008). Plaintiff has failed to allege facts sufficient to meet either requirement. Plaintiff has not included any allegations regarding the citizenship of the parties. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[F]ailure to specify state citizenship [is] fatal to [an] assertion of diversity jurisdiction."). Further, his demand for $35,000 is well below the jurisdictional minimum. *See Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) ("Generally, the amount in controversy is determined from the face of the pleadings.").

Thus, because the complaint does not allege that any defendant violated Plaintiff's federal rights and does not allege facts sufficient to establish diversity jurisdiction, the complaint does not demonstrate a basis for federal subject matter jurisdiction and fails to survive Section 1915 review. *See, e.g.*, *Smiley v. JP Morgan Chase*, No. 14-cv-01651 NC, 2014 WL 2605434, at *2 (N.D. Cal.

3

June 10, 2014).

## CONCLUSION

For the reasons described above, the Complaint does not allege facts necessary to establish either federal question jurisdiction or diversity jurisdiction.  This Court thus RECOMMENDS that the newly assigned district court judge dismiss the complaint pursuant to Section 1915(e) with leave to amend to clarify the basis for subject matter jurisdiction.

Any party may file objections to this report and recommendation with the district court judge within fourteen days after being served with a copy. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b); Civil L.R. 72-3.  Failure to file objections within the specified time may waive the right to appeal the district court's ultimate Order.

**IT IS SO ORDERED.**

Dated:  May 3, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. DAVIS,<br>　　　　Plaintiff,<br>　　v.<br>METRO PCS, et al.,<br>　　　　Defendants. | Case No. 16-cv-02212-JSC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 3, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael C. Davis
1328 Park Street, Apt 26
Alameda, CA 94501


Dated: May 3, 2016

　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　Clerk, United States District Court


By:_____
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY

5